FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 29 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01239-BNB

MICHAEL SHAWN ELKINS,

    Applicant,

v.

JULIE WANDS, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Michael Shawn Elkins, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Elkins initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). On May 31, 2011, Mr. Elkins filed an amended application for a writ of habeas corpus (ECF No. 5).

On June 22, 2011, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On July 13, 2011, Respondents filed a preliminary response (ECF No. 14) arguing that this action should be dismissed for failure to exhaust administrative remedies. Mr. Elkins has not submitted a reply, although he was given the opportunity to do so.

The Court must construe the amended application and other papers filed by Mr.

Elkins liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended application, and dismiss the action.

Mr. Elkins alleges that BOP officials have denied him an early release pursuant to 18 U.S.C. § 3621(e) for his successful completion of the residential drug abuse treatment program on December 28, 2011.

As noted above, Respondents argue that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Elkins. **See** 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. **See** 28 C.F.R. §§ 542.13 -

542.15. An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. "An inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2). An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal." *Id*.

The BOP does not track an inmate's attempts at informal resolution, but it does track formal administrative remedy requests. According to Respondents, Mr. Elkins, in February 2011, filed at the institution level an administrative remedy in which he requested to be reviewed for early release eligibility. The request was not granted. Mr. Elkins then attempted to file an appeal to the Regional Office. His initial attempts to file were rejected because he did not comply with BOP's procedures. On June 13, 2011, Mr. Elkins complied with BOP filing procedures, and his administrative remedy appeal was accepted for review and response by the Regional Office. The regional director did not grant Mr. Elkins relief. Mr. Elkins has not filed a final appeal at the Central Office level concerning the claim in his amended application. Therefore, Respondent argues, he has failed to exhaust administrative remedies.

The Court finds that Mr. Elkins has failed to exhaust administrative remedies for the claim he is raising in this action. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the amended habeas corpus application is denied, and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this __29th__ day of ___August___, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01239-BNB

Michael S Elkins
Reg. No. 04988-89
FTC Oklahoma City
PO Box 898801
Oklahoma City, OK 73189

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 29, 2011.

GREGORY C. LANGHAM, CLERK

By:____________________
Deputy Clerk