IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01239-LTB

MICHAEL SHAWN ELKINS,

    Applicant,

v.

JULIE WANDS, Warden,

    Respondent.

ORDER DENYING MOTION TO RECONSIDER

Applicant, Michael Shawn Elkins, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution at Florence, Colorado. He filed *pro se* on November 7, 2011, a motion to reconsider together with a copy of the denial of his step-three administrative remedy (ECF No. 23). Mr. Elkins asks the Court to reconsider the order of August 29, 2011, which denied the application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for failure to exhaust administrative remedies, and dismissed the action.

The Court must construe liberally Mr. Elkins' filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b).  ***See id.*** at 1243.  The Court will consider Mr. Elkins' motion to reconsider pursuant to Rule 60(b) because it was filed more than twenty-eight days after the judgment was entered in this action.  Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  ***See Massengale v. Oklahoma Bd. of Examiners in Optometry***, 30 F.3d 1325, 1330 (10th Cir. 1994).

Some background is in order.  On July 12, 2011, Mr. Elkins filed a notice of change of address, providing the address of a friend which he requested the Court to use for future mailings.  In the notice, he alleged his friend would forward all communications to him as soon as possible.  On July 13, 2011, Respondent filed a response to the Court's order of June 22, 2011, for a preliminary response, and mailed a copy of the response to Mr. Elkins in care of his friend.  Two days later, on July 15, 2011, the Court entered a minute order denying Mr. Elkins' request to mail all communications to him in care of his friend because his friend is not a party to this lawsuit.

On August 29, 2011, the Court denied the habeas corpus application and dismissed the instant action without prejudice for Mr. Elkins' failure to exhaust BOP administrative remedies before seeking federal court intervention.  On September 9, 2011, the copy of the dismissal order and judgment mailed to Mr. Elkins was returned to

the Court as undeliverable.  On October 14, 2011, Mr. Elkins filed a notice of change of address.  On October 26, 2011, the Court remailed copies of the dismissal order and judgment to him.  On November 7, 2011, he filed his motion for reconsideration.

Mr. Elkins claims that he never received a copy of the July 13 response and, therefore, was unable to respond.  However, according to this Court's docketing records, Respondent mailed Mr. Elkins' copy of the response to him at the address he provided for his friend, who he informed the Court would forward all communications to him as soon as possible.  Mr. Elkins' failure to receive a copy of the July 13 response in a timely manner, if true, is a matter between Mr. Elkins and his friend, not the Court. Moreover, Mr. Elkins' motion for reconsideration, which he submitted with a copy of the denial of his step-three administrative remedy, is not a new opportunity to cure the reason for the dismissal in the first place, i.e., his failure to exhaust administrative remedies.  The time to exhaust administrative remedies was before Mr. Elkins initiated this lawsuit, not after.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Elkins fails to demonstrate any extraordinary circumstances that would justify a motion to reconsider and, therefore, the motion will be denied.  **See Massengale**, 30 F.3d at 1330.

Accordingly, it is

ORDERED that the motion to reconsider (ECF No. 23) that Applicant, Michael S. Elkins, filed *pro se* on November 7, 2011, and which the Court has construed liberally as a Fed. R. Civ. P. 60(b) motion, is denied.

DATED at Denver, Colorado, this   22nd   day of   November   , 2011.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court