IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01239-LTB

MICHAEL SHAWN ELKINS,

     Applicant,

v.

JULIE WANDS, Warden,

     Respondent.

---

## ORDER DENYING MOTION

---

     This matter is before the Court on the motion titled "Petitioner's Rule 60(d)(3) Motion for Relief From a Judgment or Order Based on Fraud to the Court" filed *pro se* on March 22, 2011, by Applicant, Michael Shawn Elkins.  The Court must construe the motion liberally because Mr. Elkins not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the motion pursuant to Rule 60(d)(3) of the Federal Rules of Procedure will be denied.

     On August 29, 2011, the Court entered an order (ECF No. 16) denying the amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 5) filed on May 31, 2011, and dismissing the action for failure to exhaust administrative remedies.  The judgment (ECF No. 17) also was entered on August 29.  On November 22, 2011, the Court denied Mr. Elkins' motion to reconsider, which the Court treated as

a Fed. R. Civ. P. 60(b) motion.  On March 22, 2012, Mr. Elkins filed the instant motion

pursuant to Fed. R. Civ. P. 60(d)(3), which provides that Rule 60 does not limit the

Court's power to "set aside a judgment for fraud on the court."  According to Mr. Elkins,

the government in its preliminary response (ECF No. 14) filed on July 13, 2011, in

response to this Court's order of June 22, 2011, presented false facts to the Court.

Specifically, Mr. Elkins alleges that Theresa Montoya, senior attorney for the United

States Bureau of Prisons, committed fraud on the Court in her declaration (ECF No. 14,

ex. A) asserting Mr. Elkins' failure to exhaust administrative remedies.

"Fraud on the court . . . is fraud which is directed to the judicial machinery itself

and is not fraud between the parties or fraudulent documents, false statements, or

perjury."  *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985).  It is "fraud

where the court or a member is corrupted or influenced or influence is attempted or

where the judge has not performed his judicial function – thus where the impartial

functions of the court have been directly corrupted."  *Id.*

> Generally speaking, only the most egregious misconduct,
> such as bribery of a judge or members of a jury, or the
> fabrication of evidence by a party in which an attorney is
> implicated will constitute a fraud on the court.  Less
> egregious misconduct, such as nondisclosure to the court of
> facts allegedly pertinent to the matter before it, will not
> ordinarily rise to the level of fraud on the court.

*Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996) (quoting *Rozier v. Ford*

*Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)).

Mr. Elkins' allegations do not state a claim of fraud on the Court.  The fact that

Mr. Elkins disagrees with Ms. Montoya's declaration does not demonstrate the

existence of any fraud directed to the judicial machinery itself or that the impartial

2

functions of the Court have been corrupted.  Therefore, the motion will be denied.

Accordingly, it is

ORDERED that the motion titled "Petitioner's Rule 60(d)(3) Motion for Relief From a Judgment or Order Based on Fraud to the Court" filed *pro se* on March 22, 2011, by Applicant, Michael Shawn Elkins, is DENIED.

DATED at Denver, Colorado, this __12th__ day of ___April___, 2012.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

3